**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

BRENNADETTE G. DAVIS,

    Plaintiff,

vs.                                                     CASE NO. 3:12-cv-135-J-TEM

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.[1]

_____

## ORDER AND OPINION

This case is before the Court on Plaintiff's complaint (Doc. #1). Plaintiff seeks review of the final decision of the Commissioner of Social Security that denied Plaintiff's application for disability insurance benefits (DIB). This Court has authority to conduct the requested review. 42 U.S.C. § 405(g).

Plaintiff filed a legal brief in opposition to the Commissioner's decision (Doc. #14, Plaintiff's Brief). Defendant filed her brief in support of the decision to deny disability benefits (Doc. #15, Defendant's Brief). The Commissioner also has filed the transcript of the underlying administrative proceedings and evidentiary record (hereinafter referred to as "Tr." followed by the appropriate page number). Both parties consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned by the Reference Order dated May 15, 2012 (Doc. #12).

Upon review of the record, the Court found the issues raised by Plaintiff were fully

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Commissioner Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

briefed and concluded oral argument would not benefit the Court in making its determinations. Accordingly, the matter has been decided on the written record. For the reasons set out herein, the decision is **AFFIRMED**.

## I. Procedural History

Plaintiff, Brennadette G. Davis, filed for DIB on September 22, 2008, alleging disability as of June 1, 2008 (Tr. 113). Plaintiff alleged an inability to work due to disc herniation, a tear of the anulus fibrosis, degenerative arthritis, and degenerative disc disease (Tr. 138). Plaintiff's claims were denied initially and on reconsideration. She timely requested a hearing, which was ultimately held on February 23, 2010, in Jacksonville, Florida, before Administrative Law Judge (ALJ) Lisa Martin (Tr. 22-54). Plaintiff appeared and testified at the hearing, as did vocational expert (VE) Melissa Brooks. *Id.* Plaintiff was represented throughout the hearing by Jack L. Gibney (Tr. 24). On February 24, 2010, the ALJ issued an unfavorable decision (Tr. 11-18). Plaintiff requested review of the decision by the Appeals Council (AC); however, the AC denied her request, making the hearing decision the final decision of the Commissioner (Tr. 1-3). Plaintiff's counsel filed the instant complaint in federal court on February 8, 2012.

## II. Social Security Act Eligibility, the ALJ Decision and the Standard of Review

A plaintiff may be entitled to disability benefits when he or she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than 12 months. 20 C.F.R. § 404.1505.[2] The Commissioner has established

---

[2]All references to 20 C.F.R. shall be to the 2012 edition, unless otherwise noted.

a five-step sequential evaluation process for determining whether Plaintiff is disabled and therefore entitled to benefits.  See 20 C.F.R. § 404.1520; *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).  Plaintiff bears the burden of persuasion through Step 4, while at Step 5, the burden temporarily shifts to the Commissioner to establish the existence of other jobs in the economy that the plaintiff can perform.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

The ALJ's decision dated February 24, 2010 denied Plaintiff's application (Tr. 11-18). At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged onset date (Tr. 13).  ALJ Martin found Plaintiff's date last insured for DIB to be December 31, 2011 (Tr. 13).  At step two, the ALJ found Plaintiff had the severe impairments of disorder of the lumbar spine with right leg radiculopathy and degenerative disc disease of the lumbar spine (Tr. 13).  At step three, the ALJ found Plaintiff's impairments did not meet or equal, either singly or in combination with any other impairment, any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr.13).

The ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform a range of sedentary work with modifications (Tr. 14).  Specifically, ALJ Martin found Plaintiff needs the opportunity to change positions at will during the work day for brief periods while remaining within the work station; she is precluded from any climbing of ladders/ropes/scaffolds; and, she is limited to climbing ramps/stairs, balancing, stooping, kneeling, crouching and crawling on an occasional basis.  *Id*.  In addition, Plaintiff is to avoid dangerous work hazards in any job.  *Id*.  At step four, the ALJ determined that Plaintiff was capable of performing past relevant work as a mortgage loan processor

(sedentary), a lending activity supervisor (sedentary), a telephone solicitor (sedentary), a fraud investigator (sedentary), or in data entry (sedentary) (Tr. 17). Thus, the ALJ found Plaintiff was not disabled within the meaning of the Social Security Act (Tr. 28).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988). The Commissioner's findings of facts are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance-- in other words, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992).

As in all Social Security disability cases, the plaintiff bears the ultimate burden of proving disability, and is responsible for furnishing or identifying medical and other evidence regarding his or her impairments. *Yukert*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42

U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he [or she] furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). It is a plaintiff's burden to provide the relevant medical and other evidence that he or she believes will prove the existence of disabling physical or mental functional limitations. 20 C.F.R. §§ 404.704, 404.1512(a).

The Commissioner must apply the correct law and demonstrate that he has done so. While the Court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the Court has not re-weighed the evidence, but has determined whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the Plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

### III. Analysis

Plaintiff, who was born on November 26, 1967, is now a forty-five year old female (Tr. 27). Plaintiff has a high school diploma and some college education (Tr. 27). Plaintiff is able to read, write and understand English (Tr. 137). Plaintiff describes her past relevant work as credit analyst, credit service representative, funder, funding coordinator, funding supervisor, operations supervisor, policy issue clerk, sales associate, and terminal processing operator (Tr. 139). Plaintiff claims she is disabled due to disc herniation, tear of the anulus fibrosis, degenerative arthritis, and degenerative disc disease (Tr. 138). Plaintiff asserts she is in severe pain and unable to sit or stand for any length of time. *Id.*

Plaintiff raises a single issue on appeal.  Plaintiff asserts the ALJ erred when she determined Plaintiff's residual functional capacity limited Plaintiff to sedentary work that allowed Plaintiff to change positions, rather than finding Plaintiff required a sit/stand option. *See generally*, Plaintiff's Brief.  Plaintiff argues that additional analysis of Plaintiff's RFC is needed to clarify whether Plaintiff can perform her past sedentary jobs, and what impact Plaintiff's need to take unscheduled breaks, change positions at will, or miss between one to three days a month would have on her ability to maintain employment.  *Id.* at 9.

The Commissioner responds that the ALJ's decision was supported by substantial evidence and should be affirmed.  Defendant's Brief at 4.  The Commissioner argues that the ALJ's decision reflects that she thoroughly considered the record and evaluated the evidence as a whole, despite the fact that Plaintiff produced little medical evidence.  *Id.*  Further, the Commissioner argues that the ALJ's RFC accounted for all of Plaintiff's limitations, as both the RFC and hypothetical questions to the VE indicate that Plaintiff would "need a job which permits shifting positions at will from sitting, standing, or walking." *Id.* at 10.

The Court has reviewed the record in its entirety, including the arguments of the parties in their briefs and the underlying administrative record containing the evidence before the ALJ.  The Court finds the ALJ's decision is supported by substantial evidence and Plaintiff has not identified any reversible error.  Accordingly, the decision will be affirmed.

**The Residual Functional Capacity Assessment**

Plaintiff argues that the ALJ erred in determining Plaintiff's RFC.  Confusingly, Plaintiff asserts that the ALJ's RFC assessment, limiting Plaintiff to sedentary work with the

added modification that Plaintiff must be able to "change positions," is reversible error because the treating physician's medical opinion of Plaintiff's abilities is actually more akin to work at the light exertional level with a sit/stand at will option . Plaintiff's Brief at 9. This Court has reviewed the record, and finds substantial evidence exists to support the ALJ's determination of Plaintiff's RFC.

The residual functional capacity (RFC) is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work. 20 C.F.R. § 404.1545. The RFC is "the most [Plaintiff] can do despite [Plaintiff's] limitations. *Id.* The Eleventh Circuit has noted that the focus of an RFC assessment is on the doctors' evaluations of a claimant's condition and the resulting medical consequences. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

In making the RFC assessment in this case, the ALJ noted and considered the medical evidence, including records from Plaintiff's primary treating physician, Dr. Wesley Mills, M.D.[3], at First Care Family Practice (*see* Tr. 16). Dr. Mills sporadically treated Plaintiff between February 16, 2006 and August 27, 2009 (Tr. 235-56, 291-94). On February 4, 2009, Dr. Mills completed a questionnaire provided by Plaintiff's attorney to assess Plaintiff's ability to do work related activities (Tr. 284-89). Dr. Mills wrote that Plaintiff has "chronic back pain which is [exacerbated] with lifting or prolonged sitting/standing" (Tr. 286). Dr. Mills also checked the option that indicated Plaintiff may miss one to three days of work per

---

[3] The ALJ's decision and Plaintiff's brief refer to Dr. Mills and Dr. Wells, both as treating physicians (Tr. 16-17). Plaintiff's Brief at 2-9. A review of the record produces no evidence that Plaintiff was seen by Dr. Wells. It appears that the names Dr. Mills and Dr. Wells were used interchangeably by the ALJ and Plaintiff's attorney. *Id.* The treating physician's correct name is Dr. Wesley Mills, as evidenced by the record (Tr. 235-56, 291-94).

month[4] (Tr. 286).  The options in response to the question, "How many days per month would you expect your patient to miss work?" were "1-3 days," 4-7 days," "more than 7 days" (Tr. 286).

In her decision, the ALJ accurately summarized Dr. Mills's treatment notes and the information in the questionnaire (Tr. 16-17).  Overall, the ALJ assigned Dr. Mills's medical opinion significant weight (Tr. 17).  ALJ Martin accounted for Plaintiff's limitations identified in the questionnaire by providing Plaintiff the accommodation to change positions at will to curb the pain Plaintiff experiences with "prolonged sitting/standing (Tr. 14, 17, 286). The ALJ explicitly stated she accounted for Dr. Mills's opinion that Plaintiff would have to take "unscheduled breaks" from work by reducing Plaintiff's exertion level to sedentary, finding that "less lifting/carrying and less standing/walking" would allow Plaintiff to sustain work "within RFC limitations without intolerable breaks" (Tr. 17).  Implicitly, this exertional level similarly accounts for Dr. Mill's notation that Plaintiff could miss one to three days of work per month.  Moreover, Dr. Mill's selection of the category with the least number absences offered, coupled with the plain language of the options, clearly supports the inference Plaintiff could be expected to miss only one day of work per month. Vocational expert testimony provides substantial evidence that an employer will tolerate absences of up to two days per month (*see* Tr. 53). The ALJ found Dr. Mills's opinion to be consistent with the overall testimony of Plaintiff and consistent with the overall objective evidence of record (Tr. 17).

---

[4] It is important to note that while Dr. Mills marked that Plaintiff could be expected to miss one to three days of work per month, there was no option on the form that Plaintiff would not miss work because of her limitations.

The ALJ's decision also noted Plaintiff's history of treatment for her lower back with radiculopathy, confirmed by diagnostic testing (Tr. 15). The ALJ referenced the Plaintiff's use of physical therapy, injective therapy and TENS unit and medication management, which Plaintiff had previously reported provided some success and relief of symptoms (Tr. 15-16, 196-213, 233-65, 295-327).

The ALJ's decision noted Plaintiff's visits to Sunday Ero, M.D. at Jacksonville Orthopedic Institute. Plaintiff first saw Dr. Ero on August 5, 2009, and was diagnosed with lumbar degenerative disc disease and disc herniation at L4-S1, and ruled out progressive S1 compression neuropathy (Tr. 16, 297). The ALJ's decision correctly notes that Dr. Ero prescribed Lyrica, Elavil and Motrin to Plaintiff to help manage her pain (Tr. 16, 297). Plaintiff returned to Dr. Ero for a follow-up visit on September 2, 2009 to review MRI results (Tr. 296). The MRI results were remarkable for decreased disc height at L5-S1 with spondylosis and mild retrolisthesis at L4-L5, degenerative disc diseases and disc protrusion at L5-S1, and moderate degeneration with a tear at L4-5 (Tr. 17, 296). Dr. Ero's notes for this visit refer to a "moderate improvement in symptoms", and instruct Plaintiff to continue on Motrin for symptomatic treatment as needed (Tr. 296). The ALJ's decision summarizes Plaintiff's visits to Dr. Ero and detail Dr. Ero's diagnosis of Plaintiff's impairments (Tr. 16-17).

Further, the ALJ's decision discusses the opinions of the state agency's reviewing physicians, noting that the physicians' opinions were no longer consistent with the record (Tr. 17). Dr. Leann Summerford completed a Physical Residual Capacity Assessment for the state agency on November 3, 2008, and Dr. E. Long reviewed the assessment on January 14, 2009 (Tr. 268-83). Both of these doctors found Plaintiff able to sit for about six hours in an eight hour work day, and stand and/or walk for about six hours in an eight hour

work day (Tr. 269, 277). However, the ALJ decided to discount these opinions because the opinions predated some of Plaintiff's appointments with Dr. Mills and Plaintiff's MRI and subsequent diagnosis with Dr. Ero (Tr. 17, 291-94, 296-98). The ALJ found, in light of the supplemental medical evidence, that Plaintiff was more limited than determined by the physicians from the state agency, and thus established Plaintiff's RFC at a lower level of exertion (Tr.17).

ALJ Martin found Plaintiff could perform sedentary work, except that Plaintiff "needs the opportunity to change positions during the work day for brief periods while remaining within the work station. [Plaintiff] is precluded from any climbing of ladders/ropes/scaffolds. She is limited to climbing ramps/stairs, balancing, stooping, kneeling, crouching and crawling on an occasional basis. She is to avoid dangerous work hazards" (Tr. 14). The ALJ found that Plaintiff is able to perform her past relevant work, as it does not require the performance of work related activities precluded by Plaintiff's RFC (Tr. 17). The Court finds substantial evidence supports the ALJ's RFC assessment and determination that Plaintiff can perform past relevant work. ALJ Martin's decision reflects a thorough and accurate consideration of the record evidence and proper application of the law to the facts of Plaintiff's case.

In an abundance of caution, ALJ Martin queried the VE as to whether other work existed in the economy the hypothetical claimant could perform if the claimant were further limited to sedentary work with "the sit/stand option" (Tr. 52). In response to that hypothetical question, the VE identified three representative positions such a person could perform. *Id.* Thus, regardless of whether Plaintiff can perform sedentary work with the ability to change positions at will, or whether Plaintiff can perform sedentary with a sit/stand option, the

evidence supports the ALJ's finding Plaintiff is not disabled under the Social Security Act.

## IV. Conclusion

For the foregoing reasons, the undersigned finds the decision of the ALJ that Plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence. Accordingly, the Commissioner's decision is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment consistent with this Order and Opinion and, thereafter to close the file. Each party shall bear its own costs.

**DONE AND ORDERED** at Jacksonville, Florida this 7th day of March, 2013.

_____
THOMAS E. MORRIS
United States Magistrate Judge

Copies to all counsel of record